673 So.2d 114 (1996)
Carlton J. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1127.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
*115 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Carlton Robinson appeals his convictions for interfering with a firefighter and resisting arrest without violence. We affirm.
In October of 1993, Gary Sexsmith, a fire inspector, was on duty at the Hollywood Jazz Festival, when he was notified that a festival worker was having a seizure. He called for an Emergency Medical Unit and directed that the unit meet him at the west gate entrance. Upon arriving at the west gate, Sexsmith found Robinson's vehicle parked in a no parking zone which blocked the EMS unit's access through the west gate. Sexsmith testified that he asked Robinson three times to move his vehicle because an EMS unit was in route. When Robinson refused, Sexsmith went in search of a police officer.
Sexsmith returned with officer Branford of the Hollywood Police Department. Officer Branford testified that when he arrived, Robinson's car was blocking the entrance and that Robinson refused to move his car when asked. It was not until the EMS vehicle was behind Robinson that he attempted to move his car. The officer testified that even then, Robinson moved his car slowly and only a few feet. Additionally, when Branford attempted to arrest Robinson, he resisted by flailing his arms in an attempt to prevent being handcuffed. Eventually he was detained and brought to jail. Robinson was found guilty of resisting arrest without violence and interfering with a firefighter. The court placed him on one year's probation.
On appeal, Robinson argues the court erred in denying his motion for judgment of acquittal on the charge of interfering with a firefighter, because the firemen involved were not engaged in their duties as firefighters. He argues that in attempting to save a human life, the firefighters were acting outside the scope of their duties.
Robinson was convicted under section 806.10, Florida Statutes (1993), which reads in pertinent part:
Preventing or obstructing extinguishment of fire
(2) Any person who willfully or unreasonably interferes with, hinders, or assaults, or attempts to interfere with or hinder, any firefighter in the performance of his duty shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The delineation of a fireman's duties are found in section 633.30 which states in pertinent part:
Standards of firefighting; definitions
(1) "firefighter" means any person initially employed as a full-time professional firefighter by any employing agency, as defined herein, whose primary responsibility is the prevention and extinguishment of fires, THE PROTECTION AND SAVING OF LIFE AND PROPERTY, and the enforcement of municipal, county, and state fire prevention codes....
(Emphasis added.)
Reading section 633.30 in para materia with section 806.10, it is clear that an individual violates section 806.10 by interfering with a firefighter who, in the course of his or her employment, is attempting to save a human life. At bar, the firemen were responding to *116 a seizure victim, a situation involving the preservation of human life. Mr. Sexsmith was clearly hindered and interfered with by Robinson's actions as he was forced to leave the scene of the emergency to obtain the assistance of Officer Branford. Moreover, the firemen in the EMS truck were also hindered and interfered with by Robinson, as their path to the victim was obstructed by Robinson's vehicle. Contrary to Mr. Robinson's assertions, subsection (2) of the statute makes no distinction between a firefighter who is extinguishing a fire and one who is providing medical services.
As to appellant's conviction for resisting arrest without violence, since no motion for judgment of acquittal was made, no error can be raised in that regard. We reject appellant's argument that there could be no legal arrest, because appellant's action in yelling was constitutionally protected speech.
AFFIRMED.
STONE and GROSS, JJ., concur.